### Horace Woods v. The State.

No. 2601.   Decided June 25, 1913.

Rehearing denied October 29, 1913.

**1.—Assault to Murder—Sufficiency of the Evidence.**

Where, upon trial of assault to murder, the evidence sustained the conviction under a proper charge of the court, there was no error.

**2.—Same—Adequate Cause—Charge of Court—Insult to Female Relative.**

Calling a man a son-of-a-bitch is not an insult to a female relative within the purview of our statute, and where the evidence did not raise adequate cause in a trial for assault to murder, there was no error in the court's failure to charge on aggravated assault.

Appeal from the District Court of Palo Pinto. Tried below before the Hon. W. J. Oxford.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Lattimore, Cummings, Doyle & Bouldin* and *P. C. Sanders* and *W. F. Ramsey* and *C. L. Black* and *John W. Moyers,* for appellant.— On question of court's failure to charge on aggravated assault: Williams v. State, 15 Texas Crim. App., 617; Wadlington v. State, 19 id., 266; Rutherford v. State, 15 id., 236; Cochran v. State, 28 id., 422; Bonner v. State, 29 id., 223; Childers v. State, 33 Texas Crim. Rep., 509; Rice v. State, 51 id., 255; Floyd v. State, 52 id., 103; Slaughter v. State, 34 id., 81; Vining v. State, 66 Texas Crim. Rep., 316, 146 S. W. Rep., 909; Beaty v. State, 30 Texas Crim. App., 677; Riptoe v. State, 42 S. W. Rep., 381.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, Judge.—Appellant was convicted of an assault to murder, and his punishment assessed at two years confinement in the penitentiary.

There are but two grounds in the motion for new trial, one alleging

the insufficiency of the evidence. We have carefully read the statement of facts and are of the opinion that the evidence supports the verdict. The other ground contends that while the court did submit the issue of aggravated assault, he should also have submitted it from the viewpoint that if death had resulted and the offense was of no graver grade than manslaughter, then appellant would only be guilty of aggravated assault. If the evidence presents the issue of "adequate cause," then appellant's contention would be sound. To place the matter in the most favorable light to appellant, appellant testified on the trial that the alleged injured person, S. B. Davis, and another, charged him with drinking on the train; that they had been summoned before the grand jury, and would report him. Words ensued, when appellant claims Davis cursed him and called him a cowardly s—n of a b—h; other words followed, when they parted. Appellant came back in about forty minutes and said to Davis, "I do not like what you said, and want you to apologize," when Davis replied, "I will not do it, you damned s—n of a bitch," and raised his hand, when he, appellant, struck him with a knife. This would not be adequate cause to reduce an unlawful homicide to the degree of manslaughter, and would not present that issue. Calling a man a son-of-a-bitch is not an insult to a female relative within the purview of our statute, as has been held in a number of cases.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied October 29, 1913.—Reporter.]